IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JOVAN BLOUNT,**

    **Plaintiff**

v.                                 Case No.

                                   **JURY TRIAL DEMANDED**

**CROWDER CONSTRUCTION CO.,**

    **Defendant**

    Serve:        **Capitol Corporate Services, Inc.**
                       **10 S. Jefferson St., Suite 1400**
                       **Roanoke, Virginia 24011**

## COMPLAINT

COMES NOW the Plaintiff, Jovan Blount ("Plaintiff"), by counsel, and as and for his Complaint against the Defendant, Crowder Construction Company. ("Defendant" or "Crowder") states as follows:

### Parties

1. Plaintiff is a natural person and a resident of the Commonwealth of Virginia and the City of Virginia Beach, Virginia. Plaintiff is an African-American man.

2. Defendant is a North Carolina corporation with its principal office in North Carolina engaged, *inter alia*, in the construction industry. Defendant provides construction services in several states including Virginia and maintains an office in Virginia Beach, Virginia. Upon information and belief, at all relevant times Defendant has employed in excess of 500 employees. Defendant is a Federal contractor holding contracts in excess of $10,000.00. *See* http://www.crowderusa.com/what-we-do/federal.

**Jurisdiction and Venue**

3. This civil action arises under the laws of the United States, specifically, the Americans with Disabilities Act of 1990 and the ADA Amendments Act of 2008. *See* 42 U.S.C. §§ 12101, *et seq.* as well as the Rehabilitation Act of 1973. Jurisdiction is proper in this Court.

4. Venue is proper in this District and Division because the Defendant conducts business within the City of Virginia Beach, Virginia and the events complained of herein took place within the geographic bounds of this District and Division.

**Exhaustion of Administrative Remedies**

5. Prior to instituting this civil action, Plaintiff timely filed an administrative claim with the Norfolk office of the Equal Employment Opportunity Commission ("EEOC").

6. On or about August 10, 2020, the EEOC issued a "right to sue" letter to Plaintiff after failing to resolve the Plaintiff's administrative claim. Plaintiff has filed the instant civil action within ninety (90) days of his receipt of notice authorizing him to file this civil action in federal or state court.

**Facts and Background**

7. Plaintiff first began working for Defendant in approximately August of 2019 as a laborer.

8. Plaintiff is a single father to a minor son who suffers from severe disabilities stemming from injuries sustained in a fire approximately twelve years ago.

9. On or about November 3, 2019, Defendant terminated Plaintiff after Plaintiff reported to Defendant that his son required follow-up treatment at an out-of-state hospital. Defendant subsequently rehired Plaintiff.

10. In November of 2019, Plaintiff reported to Defendant that his son had been scheduled for surgery in Cincinnati, Ohio on January 28 or 29 of 2020 and that Plaintiff needed to take 30 days of leave in order to travel to Cincinnati and to subsequently care for his son.

11. On or about December 20, 2019, Plaintiff's supervisor remarked to another supervisor that he wanted to "work [Plaintiff] like a mule," in the presence of Plaintiff, to which the other supervisor agreed. Plaintiff considered this remark to be based upon his race.

12. On or about January 27, 2020, Plaintiff physically visited the Norfolk office of the EEOC to inquire about filing a charge based upon his previous termination, the December 20, 2019 remark and the pending leave request.

13. While Plaintiff was physically at the EEOC office, an EEOC investigator, Alexander Perez, called Defendant on the telephone. During the resultant telephone conference, in which Mr. Perez identified himself and stated the reason for the call, Defendant acknowledged, by and through Plaintiff's supervisor, that it would provide Plaintiff with unpaid leave for thirty work days, with such period to end on March 6, 2020.

14. Subsequent to the conversation at the EEOC office, Defendant unilaterally changed the leave period to thirty calendar days, with such period to end on February 27, 2020. In other words, Defendant actually granted Plaintiff "unpaid leave" for non-working days.

15. After Plaintiff did not return to work on February 27, 2020, Defendant terminated him for the stated reason of not returning to work on that date.

16. The change in the calculation of leave as well as the subsequent termination were done in retaliation for Plaintiff exercising his right to engage in protected activity, namely his visit to the EEOC regarding Defendant, as well as due to his known association with a disabled individual.

**Count I—Retaliation in Violation of 42 U.S.C. §§ 12101, *et seq.***

17. Plaintiff incorporates by reference the allegations of Paragraphs One through Sixteen as if set out in full herein.

18. Defendant discriminated against Plaintiff with regard to the terms and conditions of his employment, specifically, with regard to the terms and conditions of his employment and, ultimately, his termination, due to his engagement in protected activity, namely, his visit to the EEOC regarding Defendant.

19. This retaliation against Plaintiff for engaging in protected activities constituted a violation of the Americans with Disabilities Act of 1990 and the ADA Amendments Act of 2008. *See* 42 U.S.C. §§ 12101, *et seq.*

20. The Defendant's conduct was motivated by malice, spite and ill will; was willful and wanton, and evinced conscious disregard for the rights of Plaintiff.

21. Defendant's acts of malice, spite, and ill will which evince a conscious disregard for the rights of Plaintiff include, but are not limited to: altering the calculation of unpaid leave given to Plaintiff and subsequently terminating Plaintiff.

22. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, lost benefits and other wages, emotional distress and attorney's fees and costs.

**Count II—Associational Discrimination in Violation of 42 U.S.C. §§ 12101, *et seq.***

23. Plaintiff incorporates by reference the allegations of Paragraphs One through Sixteen as if set out in full herein.

24. Plaintiff is a qualified individual known to Defendant to have a relationship and association with a person known to be disabled, his minor son.

25. Defendant willfully and intentionally discriminated against Plaintiff due to his association with a person known to be disabled in that it excluded or otherwise denied Plaintiff equal jobs and/or benefits because of his association and relationship with a person known to be disabled.

26. The Defendant's conduct was motivated by malice, spite and ill will; was willful and wanton, and evinced conscious disregard for the rights of Plaintiff.

27. Defendant's acts of malice, spite, and ill will which evince a conscious disregard for the rights of Plaintiff include, but are not limited to: altering the calculation of unpaid leave given to Plaintiff and subsequently terminating Plaintiff.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, lost benefits and other wages, emotional distress and attorney's fees and costs.

**Count III-- Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.***

29. Plaintiff incorporates by reference the allegations of Paragraphs One through Sixteen as if set out in full herein.

30. Defendant discriminated against Plaintiff with regard to the terms and conditions of his employment, specifically, with regard to the terms and conditions of his leave and, ultimately, his termination, due to his engagement in protected activities including visiting the EEOC regarding harassment and/or a hostile workplace based upon his race, or alternatively, what Plaintiff reasonably believed to be harassment and/or a hostile workplace, all of which Defendant knew of. Plaintiff's visit to the EEOC was a protected activity.

31. This retaliation against Plaintiff for engaging in protected activities constituted a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

32. The Defendant's conduct was motivated by malice, spite and ill will; was willful and wanton, and evinced conscious disregard for the rights of Plaintiff.

33. Defendant's acts of malice, spite, and ill will which evince a conscious disregard for the rights of Plaintiff include, but are not limited to: altering the leave granted to Plaintiff and terminating him because of his engagement in protected activity.

34. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, lost benefits and other wages, emotional distress and attorney's fees and costs.

### Count IV—Discrimination in Violation of the Rehabilitation Act of 1973

35. Plaintiff incorporates by reference the allegations of Paragraphs One through Sixteen as if set out in full herein.

36. Defendant is a federal contractor subject to Section 503 of the Rehabilitation Act of 1973.

37. "It is unlawful for the contractor to exclude or deny equal jobs or benefits to, or otherwise discriminate against, a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a family, business, social, or other relationship or association." *See* 41 C.F.R. § 60.741-21(a)(5).

38. Defendant willfully and intentionally discriminated against Plaintiff due to his association with a person known to be disabled in that it excluded or otherwise denied Plaintiff equal jobs and/or benefits because of his association and relationship with a person known to be disabled.

39. The Defendant's conduct was motivated by malice, spite and ill will; was willful and wanton, and evinced conscious disregard for the rights of Plaintiff.

40. Defendant's acts of malice, spite, and ill will which evince a conscious disregard for the rights of Plaintiff include, but are not limited to: altering the calculation of unpaid leave given to Plaintiff and subsequently terminating Plaintiff.

41. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, lost benefits and other wages, emotional distress and attorney's fees and costs.

WHEREFORE, the Plaintiff, Jovan Blount, by counsel, prays that this honorable Court grant him such relief to which he is entitled including, but not limited to, lost back pay, loss of front pay, unpaid wages, unpaid overtime, compensatory damages and punitive damages, liquidated damages as well as pre- and post-judgment interest, attorney's fees and litigation costs and such other relief as deemed just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

                                              **JOVAN BLOUNT,**

                                            _____/s/_____
Steven B. Wiley (VSB No. 47531)
WILEY LAW OFFICES, PLLC
440 Monticello Ave., Suite 1817
Norfolk, Virginia 23510
(757) 955-8455
(757) 319-4089 facsimile
swiley@wileylawoffices.com

*Counsel for Plaintiff*